NO. 07-05-0127-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 26, 2007
_____

RICKY HAROLD ROJAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16,316-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

Ricky Harold Rojas appeals his conviction of the felony offense of possession of a controlled substance. He presents two issues on appeal, contending the trial court erred by failing to conduct an inquiry into his competence to stand trial and he was denied effective assistance of counsel through counsel's failure to raise the issue of his competency. We affirm.

The indictment under which appellant was tried contained two counts. The first count alleged possession of methamphetamine with intent to deliver. The second count

alleged possession of marihuana. The judgment also contained an enhancement paragraph alleging a prior felony conviction in federal court. Over his plea of not guilty, the jury found appellant guilty of both counts and found the enhancement paragraph true. The trial court assessed punishment at 99 years confinement on count one and two years confinement on count two, to be served concurrently.

A defendant is presumed to be competent to stand trial unless proven incompetent by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 46B.003(b) (Vernon 2006). A person is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or a rational as well as factual understanding of the proceedings against him. Tex. Code Crim. Proc. Ann. art. 46B.003 (Vernon 2006). If evidence suggesting the defendant may be incompetent comes to the attention of the trial court, it must determine, sua sponte, by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. *Id.* art. 46B.004(c). A competency inquiry is not required, however, unless the evidence is sufficient to create a bona fide doubt in the mind of the judge whether the defendant is legally competent. *McDaniel v. State*, 98 S.W.3d 704, 710 (Tex.Crim.App. 2003) (applying former Article 46.02, Code of Criminal Procedure).[1] Evidence is usually sufficient to create a bona fide doubt regarding competency if it shows "recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant." *Id.*

---

[1] *See Richardson v. State*, No. 01-04-00281-CR, 2005 WL 267708 at *2 n.3 (Tex.App.–Houston [1st Dist.] Feb. 3, 2005, no pet.) (applying *McDaniel* "bona fide doubt" standard under Art. 46B.004).

The record reflects the trial court engaged in some questioning of appellant and his counsel about their level of communication, and the court's comments suggest that the subject may have been discussed off the record. *See Lawrence v. State*, 169 S.W.3d 319, 322 (Tex.App.–Fort Worth 2005, pet. ref'd) (discussing nature of informal inquiry into competence). We view appellant's complaint on appeal as challenging the trial court's failure to formally suggest he may be incompetent to stand trial, Art. 46B.004(b), or take the next procedural step and appoint an expert to evaluate appellant. Art. 46B.005(a). We review a trial court's decision not to appoint an expert to examine a defendant under an abuse of discretion standard. *See Young v. State*, 177 S.W.3d 136, 139 (Tex.App.--Houston [1st Dist.] 2005, no pet.) (denial of psychiatric examination); *Lawrence*, 169 S.W.3d at 322 (decision not to conduct competency hearing).

The events on which appellant relies to show trial counsel and the trial court should have pursued the issue of appellant's competency include numerous instances of unsolicited comments by appellant during the trial. His brief also asserts that portions of appellant's testimony was "nonsensical," and points to his statement to the trial court that he "sometimes . . . didn't understand he was - like what [defense counsel] was talking about." On appeal appellant does not contend the record shows recent severe mental illness or moderate retardation. His argument is that his conduct at trial was sufficiently bizarre to raise a bona fide doubt as to his competency.

When a defendant makes improper comments or outbursts during trial, courts look to the content of the statement, not merely the fact the defendant violated rules of procedure or courtroom decorum. *Moore v. State*, 999 S.W.2d 385, 395 (Tex.Crim.App.

3

1999); *LaHood v. State*, 171 S.W.3d 613, 619 (Tex.App.–Houston [14th Dist.] 2005, pet. ref'd). Our examination of appellant's conduct at trial must focus on whether it was an indication appellant was incompetent to stand trial under the statutory standard. Tex. Code Crim. Proc. Ann. art. 46B.003(a) (Vernon 2006); *Moore*, 999 S.W.2d at 395..

The record shows most of appellant's unsolicited comments occurred during voir dire. His brief lists fourteen instances. We list representative examples.

Prosecutor: So I'm going to ask the group as a whole – do you believe that possession of meth should be a crime?

Appellant: Yes. I do. I do.

* * *

Prosecutor: Because you haven't heard any evidence yet whether he is or he isn't [Guilty.] . . . Until I do that, he is presumed to be innocent.

Appellant: I'm guilty, though.

* * *

Prosecutor: [D]oes everybody know what paraphernalia is?

Venireperson: Scales.

Prosecutor: Scales.

Venireperson: Baggies.

Prosecutor: Baggies.

Vinireperson: Pipes.

Appellant: Writing tablets.

4

Prosecutor: Writing tablets, things of that nature.

During defense counsel's examination of the venire, this exchange occurred:

Appellant: You [defense counsel] said not a lot of peers as far as drugs. I'm not living in Potter County.

Defense counsel: Right. That was my point. Thank you. And Mr. Rojas is going to help me out from time to time.

Appellant: Sorry.

Defense counsel: It is his case. So I appreciate all the help I can get.

Appellant also offered his views of the benefits of the legalization of drug use and of the differing treatment of drug users in other parts of the world. While his lawyer was discussing drug enforcement policy with venire members, appellant asked, "Can I say something, [counsel]?" When his lawyer responded positively, appellant gave what his brief calls a "soliloquy," in which he further expounded his opinions on federal drug policy and related subjects. In total, the statement occupies more than a page of the reporter's record.

After this lengthy statement from appellant, the prosecution voiced an objection to his conduct. Out of the presence of the jury, the trial judge admonished appellant about speaking up during the proceeding. He instructed appellant to communicate with his attorney in writing, noting "you guys seem to be communicating well. And I want to encourage that. But I don't want you to say those things out loud in front of the jury, okay?" The record shows the instruction was largely effective. Appellant did make additional

5

isolated comments during the presentation of the State's case. Each of these comments were relevant to the issue being addressed.

Appellant initially stated he would not testify during the guilt-innocence phase but decided he would testify after consulting with his attorney. He testified to his history and to events surrounding his arrest. His answers tended to go beyond the question asked, prompting objections that the answers were not responsive.[2] Appellant seized any opportunity to express his view that police conspired to frame him.

Having reviewed the entire record, we cannot agree that appellant's conduct at trial necessarily should have raised in the trial court's mind a bona fide doubt that he had the ability to meaningfully consult with his attorney or had a rational and factual understanding of the proceedings against him. *See* Tex. Code Crim. Proc. Ann. art. 46B.003(a) (Vernon 2006). His comments, while procedurally improper and almost certainly unwise, evidenced a proper understanding of the proceeding and the factual basis for his prosecution. Appellant's statement to the trial court that he didn't always understand what counsel told him fails to show an inability to consult with "a reasonable degree of rational understanding." *See Moore*, 999 S.W.2d at 394 (assertion by defense counsel of unspecified difficulties in communicating with client not sufficient to require competency hearing). Appellant's tendency to interject his thoughts and go beyond the questions asked is similar to the conduct of the defendant in *Lawrence*. The Fort Worth Court of Appeals

---

[2] On one occasion appellant questioned the relevance of questions from his own attorney. The prosecutor agreed, raising an objection on that basis. The objection was sustained.

concluded such conduct revealed the defendant "simply wanted his day in court and wanted an opportunity to tell his story his way." 169 S.W.2d at 322. Appellant expressed this very desire just before his testimony by stating: "All I want to do is tell this jury that I have been set up, and these people have used me." The trial court did not abuse its discretion in failing to conduct further informal inquiry or appoint an expert to evaluate appellant. We overrule appellant's first issue.

The same analysis applies to appellant's claim of ineffective assistance of counsel based on his trial counsel's failure to raise the issue of his competency. Nothing in the record shows counsel observed or otherwise was aware of conduct different than that we have recounted. *Jackson v. State*, 973 S.W.2d 954, 955 (Tex.Crim.App. 1998) (claim for ineffective assistance of counsel must be affirmatively supported by the record). We overrule appellant's second issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Publish.