NO. 07-08-00150-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
8, 2010

 



 

GARY L. LINDSEY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2003-402,049; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

OPINION

Appellant Gary L. Lindsey appeals the
revocation of his community supervision. 
In a single point of error, appellant contends the trial court abused
its discretion because it failed to conduct a competency inquiry sua sponte.  We affirm the judgment of the trial court.

 

 

 

Background

In 2003, pursuant to a plea
agreement, appellant plead guilty to a charge of delivery of cocaine. The
indictment also included a notice that the offense was committed in a drug-free
zone.[1]


In accordance with his plea
agreement, appellant received a sentence that included confinement in the
Institutional Division of the Texas Department of Criminal Justice for ten
years and required his payment of restitution, costs and fees.  The court suspended the sentence of
confinement and placed appellant on community supervision for ten years.  The terms of community supervision included
appellant’s commitment to a residential treatment facility.  A year later, the terms were modified to
release appellant from the community corrections facility and place him on
intensive supervision.  The State later
filed an application to revoke appellant’s community supervision, alleging
numerous violations of the conditions of his community supervision.  The court held hearings on the motion in
November 2007 and March 2008.  Appellant
plead not true to each of the State=s allegations.  

The State presented the testimony of
the probation officer assigned to appellant to show that appellant violated the
terms of his probation by, among others, failing to maintain abstinence from
use or possession of alcoholic beverages and drugs by testing positive for
cocaine, failing to report, failing to make required payments, failing to avoid
persons or places of disreputable or harmful character, and failing to work
faithfully at suitable employment.  The
trial court found that appellant violated those terms of his probation and sentenced
him to imprisonment in the Institutional Division of the Texas Department of
Criminal Justice for ten years.  The
trial court certified appellant=s right of appeal and appellant
timely appealed.








Analysis

Applicable Law

By his sole issue on appeal,
appellant contends the trial court abused its discretion in failing to sua
sponte conduct an informal inquiry into his
competency to stand trial as required by the Code of Criminal Procedure.  We review a trial court=s failure to conduct a competency
inquiry under an abuse of discretion standard. 
Moore v. State, 999 S.W.2d 385, 393 (Tex.Crim.App.
1999), cert. denied, 530 U.S. 1216, 120 S.Ct.
2220, 147 L.Ed.2d 252 (2000); Gray v. State, 257 S.W.3d 825, 827 (Tex.App.BTexarkana 2008,
pet. ref=d); LaHood v. State, 171
S.W.3d 613, 617-18 (Tex.App.BHouston [14th
Dist.] 2005, pet.
ref=d). 
A defendant is presumed competent to stand trial and shall be found
competent to stand trial unless proved incompetent by a preponderance of the
evidence.  Tex. Code
Crim. Proc. Ann. art. 46B.003(b) (Vernon
2006).  A person is incompetent to stand
trial if he does not have (1) sufficient present ability to consult with his
attorney with a reasonable degree of rational understanding; or (2) a rational
as well as factual understanding of the proceedings against him.  Id. at 46B.003(a).
The same standard applies to a revocation hearing.  See McDaniel v. State, 98 S.W.3d 704,
710 (Tex.Crim.App. 2003); Rice v. State, 991 S.W.2d 953, 958 (Tex.App.—Fort
Worth 1999, pet. ref’d) (each applying standard to
revocation hearing).  

If, during court proceedings, evidence
comes to the attention of the trial court from any source raising a bona fide doubt[2]
as to the defendant=s
competency, the court must conduct an informal inquiry outside
the jury's presence to determine whether there is evidence to
support a finding of incompetency to stand trial. See
Fuller v. State, 253 S.W.3d 220, 228 (Tex.Crim.App.
2008); Criswell v. State, 278 S.W.3d 455, 458 (Tex.App.—Houston
[14th Dist.] 2009, no pet.); Tex. Code Crim. Proc. Ann. art. 46B.004 (Vernon 2005).  In its inquiry, the court must determine
whether there is any evidence to support a finding of incompetency and, if the
court finds that such evidence exists, it must order an examination of the
defendant.  Fuller, 253 S.W.3d at 229; Tex. Code Crim.
Proc. Ann. arts. 46B.005(a), 46B.021 (Vernon
2005). 

Evidence capable of creating a bona
fide doubt about a defendant=s competency may come from the trial
court=s own observations, known facts,
evidence presented, motions, affidavits, or any other claim or credible
source.  Brown v.
State, 129 S.W.3d 762, 765 (Tex.App.BHouston [1st
Dist.] 2004, no pet.).  Evidence is usually sufficient to
create a bona fide doubt if it shows recent, severe mental illness, at least
moderate retardation, or truly bizarre acts by the defendant.  McDaniel, 98
S.W.3d at 710.   If evidence
warrants a competency hearing, and the trial court denies such a hearing, the
defendant is deprived of his constitutional right to a fair trial.  LaHood, 171 S.W.3d
at 618, citing Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

Application








Appellant argues several facts were
before the trial court that should have suggested his incompetency to the
court.  Appellant first points to
statements made by his probation officer during testimony at the March 2008
hearing.  The officer testified that he
handled a Aspecialized case load, people with
mental health disorders.@ 
He also said that appellant had resided at treatment centers for some
period of time and committed himself to a facility after having thoughts of
suicide.  Appellant also contends that
his “confusion” at the November 2007 hearing regarding whether the drug-free
zone allegation in his indictment had been “dropped” denoted his confused
mental state.  The State argues that,
even taken together, these facts did not trigger the court=s duty to inquiry into appellant’s
competence.  We agree with the State.

Initially, we note that during
appellant=s original plea hearing in 2003,
appellant answered affirmatively to the trial court’s question asking him, “Did
you sign these [plea] papers and give up those rights and enter your plea of
guilty freely, knowingly and voluntarily?” 
We note also that the record of the November 2007 hearing contains the
following exchange between the court and appellant=s trial counsel:

The Court:     Counsel, you=ve had the opportunity to go over all these matters with
your client.  Are you satisfied that he
understands the nature of the charge against him, the rights he=s
entitled to under the law, and the consequences of entering the plea before the
Court here today?

Counsel:        I am, Your Honor.

The Court:     Are you satisfied he is mentally competent
to enter the plea before the Court here today?

Counsel:        Yes, sir, I am.            

 

            The
record reflects appellant did not speak at the hearing held in March 2008, but
it does indicate he consulted with his attorney during the proceedings.  

We see nothing in appellant’s conduct
at any of the three hearings to cast doubt on his competence to stand
trial.  The records reflect no statement
or action in any way inappropriate or unusual. 
Appellant said very little other than to express his understanding of
the questions and admonishments directed at him by the trial court.  His responses to admonishments and questions
were timely, appropriate and logical. 
Neither appellant, counsel, nor anyone else in the courtroom at any time
voiced concern over appellant=s ability to communicate with his
counsel or understand the proceedings, nor do we see anything in the record to
suggest appellant was having difficulty communicating or understanding the
proceedings.  

We disagree with appellant that his
one spontaneous inquiry reflected in the record, when at the November 2007
hearing he asked whether the drug-free zone allegation of his indictment had
been “dropped,” necessarily suggests confusion on his part.  As the State points out, it well can be seen
as illustrating his understanding of the proceedings against him.   

Appellant urges us to find importance
in his supervision by a probation officer who testified to supervising
probationers with mental health disorders. 
He argues no evidence shows he was assigned to that officer in error or
because of “some staffing problem.”  We
disagree that any inference regarding appellant’s competency at trial is to be
drawn merely from his assignment to that particular probation officer.  We disagree also that the addition of
appellant=s short stays at treatment facilities
and his voluntary commitment for suicidal thoughts combined to require the
trial court to inquire into his competence at the revocation hearings. The
record indicates that after appellant was placed on probation in 2003, he was
initially sent to the Community Residential Treatment Center. Each of
appellant’s voluntary commitments occurred in 2004, more than three years
before the hearings on the application to revoke appellant’s community
supervision.  None of the stays at
treatment facilities raise questions about whether appellant had a recent
severe mental illness.  Cf. Durgan v. State, 259 S.W.3d 219 (Tex.App.BBeaumont 2008, no
pet.) (finding
defendant’s inclusion in a “special needs” SAFPF did not raise questions about
whether she had a recent severe mental illness, was moderately retarded or had
exhibited truly bizarre behavior); Reeves v. State, 46 S.W.3d 397,
399-40 (Tex.App.BTexarkana 2001, pet. dism=d) (concluding evidence of defendant=s drug addiction and suicide attempt
did not reflect on her ability to understand or participate in the proceeding
on that day).  

Appellant relies on Greene v.
State, 225 S.W.3d 324 (Tex.App.BSan Antonio 2007,
no pet.) (op. on reh=g), in which the San Antonio court
found the language of art. 46B.004 signaled an intention of the Legislature to
depart from the bona fide doubt standard to trigger required competency
inquiries.  Id. at 329.  A subsequent opinion of the court of criminal
appeals, however, reiterates the bona fide doubt standard.  Fuller, 253
S.W.3d at 228-29. We agree with the Beaumont court’s assessment that, AFuller resolves recent questions about
applying the bona fide doubt standard to incompetency issues raised during
trial.@ 
Durgan, 259
S.W.3d at 222.  Moreover, on its
facts Greene is of no help to
appellant.  The circumstances described
in the Greene opinion bear no
similarity to those present here.  In Greene,
the court found the defendant’s Arambling, nonresponsive@ answers to questions and testimony Aof the most bizarre quality@ suggested his incompetence and
required the trial court to conduct an informal inquiry into his
competence.  Greene, 225 S.W.3d at 329. 

Courts have found no abuse of
discretion in the presence of much stronger evidence suggesting incompetence
than was present here.  See, e.g., Salahud-Din v. State, 206 S.W.3d 203, 208 (Tex.App.BCorpus Christi 2006, pet. ref=d) (no abuse of discretion in failing to conduct sua sponte inquiry
even though three pretrial psychological examinations were ordered by the
court); LaHood, 171 S.W.3d at 619 (no abuse of discretion in failure to sua sponte inquire
into defendant=s competency despite outbursts during
trial, requests for medicine, comments concerning Apsych meds@ and claim of difficulty understanding
proceedings).  See also Rojas v. State, 228 S.W.3d 770 (Tex.App.BAmarillo 2007, no
pet.) (no abuse of discretion in failing to conduct further
informal inquiry or to appoint an expert to evaluate defendant when he made
comments during voir dire and throughout trial,
engaged in non-responsive answers on the stand and expressed view that police
conspired to frame him). 

            Finding
no abuse of discretion here in the trial court’s failure to initiate an
informal inquiry, we overrule appellant’s sole point of error, and affirm the
trial court’s judgment.

                                                                                                James
T. Campbell                                                                                                                                     Justice

Publish.











[1]  See Tex.
Health & Safety Code Ann. ' 481.112(c), (d) (Vernon 2001) and Tex. Health &
Safety Code Ann. ' 481.134 (Vernon 2003).





[2]  The Court of Criminal Appeals has defined a Abona fide doubt@ as Aa real doubt in
the judge=s mind as to the defendant=s competency.@  Fuller v. State, 253
S.W.3d 220, 228 (Tex.Crim.App. 2008).