

**NUMBER 13-11-00461-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JOHN PERRY JOSEPH,**                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

---

**On appeal from the 19th District Court
of McLennan County, Texas.**

---

**MEMORANDUM OPINION**[1]

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, John Perry Joseph, appeals his conviction for bail jumping and failure to

appear (habitual), enhanced by two prior felony convictions, a third-degree felony.[2]   *See*

---

    [1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

TEX. PENAL CODE ANN. §§ 38.10(a), (f); 12.42 (d) (West 2011).   The jury found appellant guilty and assessed punishment at thirty-two years' confinement in the Texas Department of Criminal Justice, Institutional Division.   By six issues, appellant argues that the trial court erred by:   (1) failing to sua sponte conduct a competency inquiry; (2) overruling appellant's objection to not receiving reasonable notice of the State's intent to introduce extraneous-offense evidence; (3) granting the State's motion in limine; (4) improperly commenting on appellant's defenses in the jury charge; (5) sustaining the State's objection to defense counsel's jury argument; and (6) overruling appellant's objection to the discussion of parole law during jury argument at the punishment phase.   We affirm.[3]

## I.   COMPETENCY INQUIRY

By his first issue, appellant contends the trial court erred by failing to sua sponte conduct an informal competency inquiry.   Appellant emphasizes, "The record is clear that appellant was not able to communicate and cooperate with his attorney, engaged in delusional speculation about the offense, and disregarded his attorney's advice . . . and [that he] had been diagnosed with Post-Traumatic Stress Disorder during his Army service in Vietnam."

### A.   Standard of Review

A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proven incompetent by a preponderance of the evidence.   TEX. CODE

---

[2]   While appellant was on bond for the offense of possession of heroin, he failed to appear at trial. Although appellant and his wife came to the courthouse on the day of trial, appellant fled after his wife was arrested.   Appellant does not challenge the sufficiency of the evidence to support his convictions.

[3]   Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

2

CRIM. PROC. ANN. art. 46B.003(b) (West 2006); *Salahud-din v. State*, 206 S.W.3d 203, 207 (Tex. App.—Corpus Christi 2006, pet. ref'd). A defendant is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his attorney with a reasonable degree of rational understanding; or (2) rational understanding as well as factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006).

If evidence is brought to the trial court's attention that raises a bona fide doubt about the defendant's competency, the court must conduct an informal inquiry outside the jury's presence to determine if there is evidence that would support a finding of incompetence. TEX. CODE CRIM. PROC. ANN. art. 46B.004 (West Supp. 2011);[4] *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009). "Evidence capable of creating a bona fide doubt about an accused's competency may come from the trial court's own observations, known facts, evidence presented, motions, affidavits, or any other reasonable or credible source." *Hobbs v. State*, 359 S.W.3d 919, 924 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Brown v. State*, 129 S.W.3d 762, 765 (Tex. App.—Houston [1st Dist.] 2004, no pet.)). "A bona fide doubt may exist if the

---

[4] Article 46B.004 was amended effective September 1, 2011 to add section (c-1), which provides in relevant part that "the court is not required to have a bona fide doubt about the competency of the defendant." *See* Act of May 19, 2011, 82nd Leg. R.S. ch. 822, §§ 21(a), 22, 2011 Tex. Gen. Laws 822 (codified at TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1) (West Supp. 2011) ("Except as provided in subsection (b) of this section, the change in law made by this Act applies only to a defendant with respect to whom any proceeding under Chapter 46B, Code of Criminal Procedure, is conducted on or after the effective date [Sept. 1, 2011] of this Act."). We do not determine the effect of this subsection to the case at hand because the subsection was not in effect at the time of appellant's hearing.

defendant exhibits truly bizarre behavior or has a recent history of severe mental illness or at least moderate retardation." *Montoya*, 291 S.W.3d at 425.[5]

We review a trial court's decision to not conduct an informal competency hearing for an abuse of discretion. *See id.* at 426; *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). A trial court abuses its discretion if its decision is arbitrary or unreasonable. *Lawrence v. State*, 169 S.W.3d 319, 322 (Tex. App.—Fort Worth 2005, pet. ref'd) (citing *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995)). We give great deference to the trial court's first-hand factual assessment of appellant's mental competency. *McDaniel v. State*, 98 S.W.3d 704, 713 (Tex. Crim. App. 2003) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)); *see also Montoya*, 291 S.W.3d at 426 ("those who observed the behavior of the defendant at the hearing were in a better position to determine whether [he] was presently competent.").

## B.    Background Facts

During pretrial, the trial court judge asked appellant if he understood the charges against him, and appellant responded, "No, I don't understand. I understand, your Honor, for the Bail Jumping, but the Enhancement, it was on another case and things, you know, and my lawyer informed me that it was dispensed of and everything." The trial court provided appellant a recess to consult with his attorney, after which the following exchange transpired:

---

[5] The Legislature's amendment to article 46B.004, *see supra* note 4, effectively *supersedes Montoya v. State* and makes a "suggestion of incompetency"—not a trial court's bona fide doubt—the threshold requirement for conducting a competency inquiry. However, as noted in note 4 supra, this amendment had not taken effect as of the time of these proceedings, and thus the court of criminal appeal's holding in *Montoya* is still controlling in this case.

| | |
|---|---|
| [COURT]: | I hear you've been arguing out here audibly in the courtroom with your attorney.  It's obvious that there are some things that you don't understand. |
| [APPELLANT]: | Didn't understand, yeah. |
| [COURT]: | But I need to make sure you understand what you're accused of today. |
| [APPELLANT]: | Yeah. |
| [COURT]: | Do you understand that? |
| [APPELLANT]: | Yeah.   Yes, sir. |
| [COURT]: | Do you know what you're accused of doing in the Indictment? |
| [APPELLANT]: | No.   Explain it to me, Your Honor. |
| [COURT]: | You are indicted for the offense of Felony Bail Jumping.   Do you understand that charge? |
| [APPELLANT]: | Yeah. |
| | . . . . |
| [COURT]: | . . . Do you understand that Felony Bail Jumping is a third degree felony? |
| [APPELLANT]: | No, I don't understand that. |
| [COURT]: | It is punishable by not less than two years nor more than 10 years in the penitentiary—do you understand that—and you could be assessed a fine in any amount not to exceed $10,000?   Do you understand that? |
| [APPELLANT]: | Yeah. |

After the trial judge subsequently asked, "[D]o you understand what you're accused of, as you stand before me at this moment[?]" appellant responded, "Yeah."

5

Appellant thereafter made various outbursts during the trial, requiring the judge to dismiss the jury and admonish appellant to not interrupt. For example, appellant called the attorney who represented him in the earlier heroin possession case, and whom the State called as a witness, a liar at the end of his testimony. Additionally, appellant interrupted his attorney's cross-examination and demanded to represent himself.

The trial court thereafter discussed whether appellant was competent to represent himself at trial. Appellant informed the trial court that he was a disabled Vietnam War veteran; that he suffered from post-traumatic stress disorder ("PTSD") in the past; and that he receives daily medication and treatment for mood changes. Appellant also said that he has been taking medication for about thirty years and that he attended individual and group therapy sessions, but that he did not take his medication that day. Although appellant's counsel from his earlier heroin case felt that appellant should not be permitted to represent himself, his trial attorney thought that he could do so and informed the trial court that appellant was competent to stand trial. Appellant subsequently withdrew his motion to represent himself, explaining, "I could right now tell my attorney what I want him to ask." The trial judge stated, "Do you understand he's obligated to employ his professional skill in determining how to phrase the questions and exactly what to ask? Do you understand that?" Appellant responded, "Well, that's the way it should be, the way I understand it."

C. Analysis

The trial court inquired whether appellant had a factual and rational understanding of the proceedings against him. The court's lengthy pre-trial exchange with appellant,

6

only a portion of which is described above, concerned this prerequisite to competency. That the court investigated whether appellant was competent to represent himself without the assistance of an attorney is of no moment. The competency for self-representation has never been the standard for competency to stand trial, and the trial court's concern hinged on appellant's unfamiliarity with evidentiary and procedural rules. Further, in considering whether appellant was competent to represent himself, appellant manifested the ability to consult with his attorney with a reasonable degree of rational understanding.

The record shows that appellant disagreed with the trial judge, witnesses, and, at times, his attorney's trial strategy. Being difficult or argumentative, however, does not prove one's inability to consult with an attorney with a reasonable degree of rational understanding or one's ability to rationally and factually understand the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006); *Moore*, 999 S.W.3d at 395 ("While appellant's comments were inappropriate violations of court decorum, they do not constitute evidence of his inability to consult with counsel, or factually appreciate the proceedings against him."). In fact, appellant confirmed that he understood the charges and potential sentence against him, and his attempt to terminate his attorney's representation was abandoned after appellant reasoned that he could maintain control over the trial strategy, subject to his attorney's professional discretion.

The facts of this case are similar to the facts of *Rojas v. State*. *See* 228 S.W.3d 770 (Tex. App.—Amarillo 2007, no pet.). In *Rojas*, the defendant argued on appeal that the trial court erred by not conducting an informal inquiry into his competency to stand trial, even though "his conduct at trial was sufficiently bizarre to raise a bona fide doubt as

7

to his competency." *Id.* at 772. Specifically, the defendant interrupted voir dire with comments; answered the prosecutor's questions to the venire panel; offered his unsolicited views on the benefits of legalizing drug use and provided commentary on the "differing treatment of drug users in other parts of the world;" responded during testimony with answers that "tended to go beyond the question asked"; and "seized any opportunity to express his view that police conspired to frame him." *Id.* at 772–73. Our sister court concluded, "His comments, while procedurally improper and almost certainly unwise, evidenced a proper understanding of the proceeding and the factual basis for his prosecution." *Id.* at 773. The court held that the trial court did not abuse its discretion in failing to conduct further informal inquiry. *Id.*

As the defendant in *Rojas*, appellant made unsolicited comments and commentary in violation of courtroom decorum. Like the *Rojas* defendant, appellant offered his views on the law. Unlike the defendant in *Rojas*, appellant's testimony stayed within the scope of the questions asked. After reviewing the record, we conclude that appellant's conduct did not rise to the level necessary to show an abuse of discretion by the trial court for not conducting further inquiry into his competency to stand trial. *See Lawrence*, 169 S.W.3d at 322 (defendant's "rambling and nonresponsive answers" revealed "that he simply wanted his day in court and wanted to tell his story his way.").

Regarding appellant's past PTSD, "evidence of past mental impairment is only sufficient to raise a bona fide doubt about competency if the evidence indicates that the defendant is presently 'incapable of consulting with counsel or understanding the proceedings against him.'" *Iniquez v. State*, 374 S.W.3d 611, 617 (Tex. App.—Austin

8

2012, no pet.) (quoting *Moore*, 999 S.W.2d at 395–96); *see also Charley v. State*, No. 05-08-01678-CR, 2010 WL 2510208, at *2 (Tex. App.—Dallas Jun. 23, 2010, pet. ref'd) (mem. op., not designated for publication) (overruling defendant's issue that the trial court should have conducted an informal competency hearing based, in part, on his statements that "he had been diagnosed with PTSD as a result of military service in Iraq," suffered flashbacks, was discharged from the military as a disabled veteran, and was on medication). No such evidentiary showing has been made.

The record does not show that appellant lacked the sufficient competency to stand trial. We defer to the trial court's first-hand factual assessment of appellant's mental competency. *See Montoya*, 291 S.W.3d at 426; *McDaniel*, 98 S.W.3d at 713. We overrule appellant's first issue.

## II.  NOTICE OF INTENT TO OFFER EXTRANEOUS OFFENSE EVIDENCE

By his second issue, appellant contends the trial court erred in overruling his objection that the State failed to provide reasonable notice of its intent to introduce extraneous-offense evidence. We disagree.

On February 22, 2011, appellant requested notice of the State's intention to use extraneous-offense evidence. On Thursday, May 5, 2011, the State faxed appellant's attorney a copy of its notice of intent to use thirty-four instances of other crimes, wrongs, or acts.[6]  On Tuesday, May 10, 2011, appellant's trial began. Appellant requested the trial court to hold the State's notice untimely, arguing that appellant only had two business

---

[6]  The record does not reflect what crimes, wrongs or acts were included in the State's notice. The State's notice was not admitted into evidence, was not included in the record on appeal, and was not specifically discussed with respect to what specific crimes, wrongs or acts were being challenged.

days and the weekend between the notice and the trial. When the trial court asked whether the evidence would be used during guilt/innocence or punishment, the State answered, "Judge, if he testifies, we will get into the ones that Rule 609 allows us to, but other than that, nothing."[7] The trial court overruled appellant's objection.

## A.    Standard of Review

We review a trial court's rulings on the admissibility of extraneous offenses for an abuse of discretion. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011); *Prible v. State,* 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). So long as the trial court's ruling is "within a 'reasonable zone of disagreement,'" there is no abuse of discretion and the ruling will be upheld. *Devoe*, 354 S.W.3d at 469 (quoting *Prible*, 175 S.W.3d at 731); *see Miller v. State*, 343 S.W.3d 499, 503 (Tex. App.—Waco 2011, pet. ref'd) (citing *Gonzalez v. State*, 117 S.W.3d 831, 839 (Tex. Crim. App. 2003)).

Texas Rule of Evidence 404(a) disallows the use of character evidence to prove that an action is in conformity with a character trait, but rule 404(b) allows the use of character evidence for non-conformity purposes. *See* TEX. R. EVID. 404(a), (b); *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (en banc). If a defendant timely requests reasonable notice of the State's intent to use extraneous-offense evidence under rule 404(b), the State must provide "reasonable notice . . . in advance of trial . . . ." TEX. R. EVID. 404(b). "Rule 404(b) literally conditions the admissibility of other-crimes evidence on the State's compliance with the notice

---

[7]    Rule 609 allows evidence of prior convictions to be used for impeachment purposes. *See* TEX. R. EVID. 609.

10

provision of Rule 404(b)." *Hernandez v. State,* 176 S.W.3d 821, 824 (Tex. Crim. App. 2005) (citations omitted).

"There is no statutory meaning of 'reasonable' as provided in rule 404(b), in the Code of Criminal Procedure, or otherwise in the Rules of Evidence." *Patton v. State*, 25 S.W.3d 387, 392 (Tex. App.—Austin 2000, pet. ref'd). Courts generally focus on whether the notice was sufficiently timely to be considered "reasonable." *Id.* (citing *Neuman v. State*, 951 S.W.2d 538, 540 (Tex. App.—Austin 1997, no pet.); *Hernandez v. State*, 914 S.W.2d 226, 234–35 (Tex. App.—Waco 1996, no pet.); *Self v. State*, 860 S.W.2d 261, 264 (Tex. App.—Fort Worth 1993, pet. ref'd)). The reasonableness of the State's notice turns on the facts and circumstances of each case. *Id.* There is "no bright line as to the number of days or amount of time" that defines "reasonable notice," and the trial court should determine the issue "on a case-by-case basis under the totality of circumstances." *Id.* at 393 (citing *Ramirez v. State*, 967 S.W.2d 919, 923 (Tex. App.—Beaumont 1998, no pet.)).

**B.     Analysis**

On appeal, appellant maintains the State failed to provide reasonable notice of its intent to use extraneous-offense evidence, comparing the available preparation time in this case to the inadequate preparation time in *Hernandez v. State*. *See* 914 S.W.2d at 234 ("We do not believe that a 404(b) response filed on a Friday afternoon [at 2:50 p.m.] is adequate or reasonable notice for a trial beginning the following Monday morning").

We must look to the contextual "facts and circumstances" to determine whether the amount of time was reasonable. *Patton*, 25 S.W.3d at 392. The State provided notice

11

upon discovering the trial was set for the following week, and limited its use of 404(b) evidence at trial to prior convictions only. Based on this background, we hold that the four days between the State's notice and appellant's trial was not unreasonable. *See id.* at 392 (holding adequate the State's notice that was faxed on Sunday afternoon and received by defendant's counsel on Monday, the day before trial).

Even assuming arguendo notice was unreasonable, appellant failed to prove that he was harmed, such as by showing he was surprised by the State's proposed evidence or how his defensive strategy would have been different had he been given notice earlier. *See Hernandez,* 176 S.W.3d at 825–26 (to show harm resulting from a lack of reasonable notice, defendant must show both he was surprised and how his defensive strategy would have differed with proper notice). To the contrary, during appellant's case-in-chief, appellant took the stand to testify in his defense, and testified extensively regarding numerous arrests and misdemeanors. The State's evidence was presented in rebuttal and was nominal in content. We overrule appellant's second issue.

## III. MOTION IN LIMINE

By his third issue, appellant contends the trial court erred in granting the State's motion in limine, which precluded appellant from attacking the merits of the underlying possession charge, and thereby limited appellant's defense to the merits of the bond-jumping case.

Appellant did not object to the trial court's ruling on the State's motion in limine, and appellant did not attempt to offer any evidence on the precluded defense. The Texas Court of Criminal Appeals has held that "a ruling on a motion in limine that excludes

defense evidence is subject to reconsideration throughout trial and that to preserve error an offer of the evidence must be made at trial." *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998) (en banc) (citing *Fuller v. State*, 827 S.W.2d 919, 929 n.10 (Tex. Crim. App. 1992)). Preservation of error is a prerequisite to presenting a complaint on appeal. *See* TEX. R. APP. P. 33.1(a).

Appellant failed to preserve this issue for review on appeal. We overrule appellant's third issue.

## IV. JURY CHARGE ERROR

By his fourth issue, appellant argues the trial court erred in commenting on his defenses in the jury charge. Appellant contends that "by singling put [sic] the continuance theory in its application of the law to the facts, it not only restricted the defensive theories of Joseph's case, it was a direct comment on the evidence." Appellant further complains that the instruction "completely ignored the [necessity] defense . . . (that [he] wanted his day in court and fled only after the state arrested his witness in the courthouse hallway, just prior to the jury selection)."

### A. Jury Charge

The relevant portion of the jury charge reads, as follows:

> You are instructed that it is a defense to Felony Bail Jumping and Failure to Appear in accordance with the terms of release that the person failing to appear had a reasonable excuse for such failure. A "reasonable excuse" is one that would be advanced by an ordinary and prudent person in the same circumstances as the person offering the excuse.
>
> Therefore, if you find from the evidence beyond a reasonable doubt that on or about August 30th, 2010, the Defendant intentionally or knowingly failed to appear in accordance with the terms of his release but further find from the evidence that the Defendant's excuse for his failure to

13

appear, to-wit, that he thought his case had been delayed for 30 days, is a reasonable excuse, then you will acquit the Defendant and say by your verdict "Not Guilty."

Appellant did not object to the court's jury charge, and the record does not show any request by appellant for the inclusion of a defensive instruction on necessity.

## B.    Analysis

Our first step is to determine whether the jury charge contains error.   *See Mann v. State*, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998) (en banc); *Steadman v. State*, 160 S.W.3d 582, 585 (Tex. App.—Waco 2005, pet. ref'd).   Jury-charge error, however, need not be preserved for review on appeal.   *See Mann*, 964 S.W.2d at 641; *Steadman*, 160 S.W.3d at 585).   Rather, the harm analysis is different for unpreserved error than for preserved error:   "Where there has been a timely objection made at trial, an appellate court will search for only 'some harm.'   By contrast, where the error is urged for the first time on appeal, a reviewing court will search for 'egregious harm.'"   *Mann*, 964 S.W.2d at 641 (quoting *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994)).

### 1.    Comment on the Weight of the Evidence

A trial court may not comment on the weight of the evidence in a jury charge, and is prohibited from expressing any opinion as to the weight of the evidence, from summing up testimony, from discussing facts, or from using any argument in the charge calculated to arouse the sympathy or to excite the passions of the jury.   TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007).   A charge that constitutes a comment by the court on the elements of the offense charged or assumes the truth of a controverted issue is a comment on the weight of the evidence and is erroneous.   *Whaley v. State,* 717 S.W.2d

14

26, 32 (Tex. Crim. App. 1986) (en banc); *Grady v. State,* 634 S.W.2d 316, 317 (Tex. Crim. App. 1982) (panel op.). In determining whether a charge comments on the weight of the evidence, we review the "'charge as a whole rather than as a series of isolated statements.'" *Smith v. State*, 959 S.W.2d 1, 27 (Tex. App.—Waco 1997, pet. ref'd) (quoting *Kitt v. State*, 875 S.W.2d 19, 20 (Tex. App.—Texarkana 1994, pet. ref'd)); *see Whaley*, 717 S.W.2d at 32.

We conclude the trial court did not comment on the weight of the evidence by tracking the applicable statutory language, including the codified defense of "reasonable excuse." *See* TEX. PENAL CODE ANN. § 38.10(c) (West 2011); *see also Gallegos v. State*, 828 S.W.2d 577, 579 n. 1 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (citing M. TEAGUE, TEXAS CRIMINAL PRACTICE GUIDE §133.110 [2] (1992)) (suggesting a substantially similar jury charge for the "reasonable excuse" defense). A court's usage of statutory language in the jury charge does not fall within the precluded conduct of article 36.14 of the Texas Code of Criminal Procedure, nor does it assume the truth of a controverted issue. See TEX. CODE CRIM. PROC. ANN. art. 36.14; *Whaley*, 717 S.W.2d at 32; *Grady,* 634 S.W.2d at 317.

### 2. Defensive Instructions

"A trial court does not have a duty to *sua sponte* instruct the jury on a defensive issue raised by the evidence." *Caminorreal v. State*, 374 S.W.3d 479, 482 (Tex. App.—Corpus Christi 2012, no pet.) (citing *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998) (en banc); *Vasquez v. State,* 2 S.W.3d 355, 362 (Tex. App.—San Antonio 1999, pet. ref'd)); *see Carroll v. State*, 266 S.W.3d 1, 3 (Tex. App.—Waco 2008, pet.

15

ref'd). The defense must request an instruction for there be error. *Williams v. State*, 273 S.W.3d 200, 223 (Tex. Crim. App. 2008) (citing *Posey*, 966 S.W.2d at 63).

In the application section, the jury charge shows that the trial court submitted appellant's mistake of fact defense—he thought his case had been delayed for 30 days—as a potential "reasonable excuse." The trial court did not err by omitting the unrequested defensive theory of "necessity" in the jury charge. We overrule appellant's fourth issue.

## V.    JURY ARGUMENT

By his fifth issue, appellant argues the trial court erred in sustaining the State's objection to defense counsel's statements during closing argument about the State's paperwork containing inconsistent dates for appellant's failure to appear. The following is the relevant section of the argument:

> [DEFENSE]: I found it interesting, in the Indictment there is a lot to do about August 30th being the date that he failed to show, and in the grand scheme of things, an Indictment, as you know, is no evidence of any guilt, and the Court instructs you of that. But when the State has all the resources it has, all the information such as what the State's evidence is—and in here, and you'll take them back and you can look at them—several of the documents say he didn't show on the 30th and several say he didn't show on the 31st. This is the State's paperwork. This is not our paperwork. You know, you would think when they are trying to deprive one of our citizens of their liberty, they would get it right. I mean, isn't that a reasonable argument? Now, is that enough to let him go? I don't know.

> [STATE]: Judge, I'm going to object. That's a misstatement of the law. It is not enough to let him go, and they have just been instructed we don't have to prove—

> [COURT]: Sustained.

16

[DEFENSE]: It may create reasonable doubt.

[STATE]: Judge, actually, that's a misstatement of the law. We don't have to prove what day it was.

[COURT]: I sustain the objection.

On appeal, appellant insists that the State misconstrued his counsel's statements. Appellant asserts that defense counsel was attempting to argue "the conflicting paperwork might have confused appellant as to when he was required to be in Court" rather than challenge the sufficiency of the evidence on the date element.

## A.    Standard of Review

We review the trial court's ruling on the State's objection to appellant's jury argument for abuse of discretion. *See Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010). A trial court abuses its discretion if its decision is arbitrary or unreasonable. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995) (en banc); *Lawrence v. State*, 169 S.W.3d 319, 322 (Tex. App.—Fort Worth 2005, pet. ref'd). The trial court has broad discretion in controlling the scope of closing argument, but it may not prevent defense counsel from making a point essential to the defense. *Lemos v. State,* 130 S.W.3d 888, 892 (Tex. App.—El Paso 2004, no pet.). Prohibiting counsel from making such a jury argument constitutes denial of the defendant's right to counsel. *Davis,* 329 S.W.3d at 825. Jury argument that misstates the law or is contrary to the court's jury charge is improper. *See Thomas v. State,* 336 S.W.3d 703, 713 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Peak v. State,* 57 S.W.3d 14, 18 (Tex. App.—Houston [14th Dist.] 2001, no pet.). We determine de novo whether a party misstated the law during jury argument. *Thomas,* 336 S.W.3d at 713.

17

**B.  Analysis**

The trial court did not abuse its discretion.  On its face, the comment was about the inconsistency of the dates on which appellant failed to show—documents, including the indictment for bail jumping, that were drafted *after* appellant failed to show; those documents were therefore incapable of causing appellant's bond jumping.  The comment did not cover pre-offense documents, and the sustained objection did not preclude an argument that appellant was confused about the date on which he was to appear.

Considering the court's broad discretion in controlling the scope of closing argument, we hold that the trial court did not err in sustaining the State's objection, and it did not prevent defense counsel from making a point essential to the defense.  *See Lemos,* 130 S.W.3d at 892.  We overrule appellant's fifth issue.

## VI.  COMMENTS ON PAROLE LAW

By his sixth issue, appellant argues the trial court erred by overruling his objection to the State's comments about his eligibility for parole that were made during the State's argument in the punishment phase.  The complained-of comment, objection, and ruling come from the following excerpt:

[STATE]: Now, you'll see on the bottom of Page 4 in your charge that he will be eligible for parole after he serves one-fourth, so you need to think about that.  The minimum is 25, so if you decide—

[DEFENSE]: Judge, I'm going to object to that.  He may or may not be eligible, and the Court instructs this jury that they are not to consider that.

[STATE]: No, he is eligible, Judge.

18

[COURT]: He'll be eligible, plus any good conduct time.

[DEFENSE]: But it doesn't mean he'll get it.

[COURT]: That doesn't mean he'll get it, but he will be eligible.

. . . .

[STATE]: So, like I said, if you'll read on Page 4, the law is, after he serves one-fourth, he is eligible to get out. So if you think, "We want him to serve a certain number before he has even got the chance to get out," you have to multiply by four. So 25 would actually equal about six. If you give them [sic] 25, after about six, he can get parole. Will they give it to him? I don't know. But he will be eligible for it. So that's something you-all need to keep in mind.

Relevant to this appellate issue, the jury instruction contained the following:

Under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served, plus any good conduct time he may earn, if any, equals one-fourth (1/4) of the sentence imposed or fifteen years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

This instruction tracks the statutorily-provided instruction relevant to this case. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 4(b) (West Supp. 2011). On appeal, appellant maintains that the State's parole argument was improper.

A.      **Standard of Review**

We review the trial court's ruling on jury argument for an abuse of discretion. *See York v. State*, 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet. ref'd); *Cole v. State*, 194 S.W.3d 538, 546 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Montgomery v. State*, 198 S.W.3d 67, 95 (Tex. App.—Fort Worth 2006, pet. ref'd). To be permissible, the State's jury argument must fall within one of the four permissible areas of jury

19

argument:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to an argument of opposing counsel; or (4) plea for law enforcement.  *See Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011) (citing *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008)); *Lopez v. State*, 288 S.W.3d 148, 159–60 (Tex. App.—Corpus Christi 2009, pet. ref'd); *see also Harris v. State*, 996 S.W.2d 232, 237 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing *Washington v. State*, 668 S.W.2d 715, 718 (Tex. App.—Houston [14th Dist.] 1983, no pet.) (confirming the four "categories apply equally to both the guilt-innocence and punishment phases of a criminal trial")).  The reviewing court should uphold the trial court's ruling if it is within the zone of reasonable disagreement.  *Espinosa v. State*, 328 S.W.3d 32, 38 (Tex. App.—Corpus Christi 2010, pet. ref'd) (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)).

**B.    Analysis**

Summation of parole law, as long as it is accurate and not specifically applied to a defendant, falls within the permissible area of "proper plea for law enforcement."  *See Holt v. State*, 899 S.W.2d 22, 25 (Tex. App.—Tyler 1995, no pet.).  At issue here is whether the prosecutor's discussion of appellant's eligibility for parole constituted specific application of parole law to the defendant, which is impermissible.  *See, e.g., Daniels v. State*, 633 S.W.2d 899, 902 (Tex. Crim. App. 1982) (panel op.) (citations omitted).

The Texas Code of Criminal Procedure requires that a jury be given instructions about parole eligibility.  *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 4(b) (West Supp. 2011).  The Court of Criminal Appeals, in considering a prosecutor's summation of

parole law, has concluded that it is not "improper for the prosecutor to accurately restate the law given in the jury charge." *Hawkins v. State*, 135 S.W.3d 72, 84 (Tex. Crim. App. 1984) (en banc); *see also Taylor v. State*, 233 S.W.3d 356, 359 (Tex. Crim. App. 2007).

In *Taylor*, the court of criminal appeals considered the following comments given by a prosecutor during jury argument at the punishment phase:

> Now let me stop and talk to you about the charge for just a moment so that you can—you probably do understand already, but the Judge mentioned to you that as far as parole eligibility that the defendant becomes eligible for parole after he serves one-half of the sentence imposed or thirty years. Let me explain that to you for just a moment. Let's say a sentence of 40 years—
>
> . . . .
>
> A 40-year sentence means the defendant becomes eligible for parole after serving 20 years.
>
> . . . .
>
> A 60-year sentence means he becomes eligible after serving 30 years. A sentence of life or 75 still means he becomes eligible after 30 years.

*Taylor*, 233 S.W.3d at 359. After considering the foregoing discussion of the defendant's parole eligibility, the court of criminal appeals held that the prosecutor "did not convey any information beyond what was properly contained in the charge when he explained how the parole eligibility rules set out in the charge worked with forty, sixty and seventy-five year sentences." *Id.*

Here, the State's comments about parole law, like the prosecutor's comments in *Taylor*, merely explained what was properly included in the jury charge. Moreover, the State emphasized, "Will they give it [parole] to him? I don't know. But he will be eligible for it. So that's something you-all need to keep in mind." This argument invited the jury

21

to do what it can properly do—"determine how long a term it wishes a defendant to serve before that defendant may become eligible for parole . . . ." *Waters v. State*, 330 S.W.3d 368, 374 (Tex. App.—Fort Worth 2011, pet. ref'd) (citations omitted); *see also Taylor*, 233 S.W.3d at 360 (Womack, J. concurring) ("[T]he jury may base its assessment of punishment in part on consideration of a sentenced defendant's parole eligibility . . . ." (quoting *Byrd v. State*, 192 S.W.3d 69, 72 (Tex. App.—Houston [14th Dist.] 2006, pet. ref''d))).

We hold that the trial court did not abuse its discretion in overruling appellant's objection. *See Taylor*, 233 S.W.3d at 359; *Waters*, 330 S.W.3d at 374; *York v. State*, 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet. ref'd); *Cole v. State*, 194 S.W.3d 538, 546 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). We overrule appellant's sixth issue.

## VII. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of April, 2013.

22