NO. 07-08-00150-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 8, 2010

GARY L. LINDSEY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402,049; HONORABLE CECIL G. PURYEAR, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

Appellant Gary L. Lindsey appeals the revocation of his community supervision. In a single point of error, appellant contends the trial court abused its discretion because it failed to conduct a competency inquiry *sua sponte*. We affirm the judgment of the trial court.

Background

In 2003, pursuant to a plea agreement, appellant plead guilty to a charge of delivery of cocaine. The indictment also included a notice that the offense was committed in a drug-free zone.[1]

In accordance with his plea agreement, appellant received a sentence that included confinement in the Institutional Division of the Texas Department of Criminal Justice for ten years and required his payment of restitution, costs and fees. The court suspended the sentence of confinement and placed appellant on community supervision for ten years. The terms of community supervision included appellant's commitment to a residential treatment facility. A year later, the terms were modified to release appellant from the community corrections facility and place him on intensive supervision. The State later filed an application to revoke appellant's community supervision, alleging numerous violations of the conditions of his community supervision. The court held hearings on the motion in November 2007 and March 2008. Appellant plead not true to each of the State's allegations.

The State presented the testimony of the probation officer assigned to appellant to show that appellant violated the terms of his probation by, among others, failing to maintain abstinence from use or possession of alcoholic beverages and drugs by testing positive for cocaine, failing to report, failing to make required payments, failing to

---

[1] *See* Tex. Health & Safety Code Ann. § 481.112(c), (d) (Vernon 2001) and Tex. Health & Safety Code Ann. § 481.134 (Vernon 2003).

avoid persons or places of disreputable or harmful character, and failing to work faithfully at suitable employment. The trial court found that appellant violated those terms of his probation and sentenced him to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for ten years. The trial court certified appellant's right of appeal and appellant timely appealed.

Analysis

*Applicable Law*

By his sole issue on appeal, appellant contends the trial court abused its discretion in failing to *sua sponte* conduct an informal inquiry into his competency to stand trial as required by the Code of Criminal Procedure. We review a trial court's failure to conduct a competency inquiry under an abuse of discretion standard. *Moore v. State,* 999 S.W.2d 385, 393 (Tex.Crim.App. 1999), *cert. denied,* 530 U.S. 1216, 120 S.Ct. 2220, 147 L.Ed.2d 252 (2000); *Gray v. State,* 257 S.W.3d 825, 827 (Tex.App.–Texarkana 2008, pet. ref'd); *LaHood v. State,* 171 S.W.3d 613, 617-18 (Tex.App.–Houston [14th Dist.] 2005, pet. ref'd). A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 46B.003(b) (Vernon 2006). A person is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his attorney with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. *Id.* at 46B.003(a). The same standard applies to a revocation hearing. *See McDaniel v.*

3

*State,* 98 S.W.3d 704, 710 (Tex.Crim.App. 2003); *Rice v. State,* 991 S.W.2d 953, 958 (Tex.App.—Fort Worth 1999, pet. ref'd) (each applying standard to revocation hearing).

If, during court proceedings, evidence comes to the attention of the trial court from any source raising a bona fide doubt[2] as to the defendant's competency, the court must conduct an informal inquiry outside the jury's presence to determine whether there is evidence to support a finding of incompetency to stand trial. *See Fuller v. State,* 253 S.W.3d 220, 228 (Tex.Crim.App. 2008); *Criswell v. State,* 278 S.W.3d 455, 458 (Tex.App.—Houston [14th Dist.] 2009, no pet.); Tex. Code Crim. Proc. Ann. art. 46B.004 (Vernon 2005). In its inquiry, the court must determine whether there is any evidence to support a finding of incompetency and, if the court finds that such evidence exists, it must order an examination of the defendant. *Fuller,* 253 S.W.3d at 229; Tex. Code Crim. Proc. Ann. arts. 46B.005(a), 46B.021 (Vernon 2005).

Evidence capable of creating a bona fide doubt about a defendant's competency may come from the trial court's own observations, known facts, evidence presented, motions, affidavits, or any other claim or credible source. *Brown v. State,* 129 S.W.3d 762, 765 (Tex.App.–Houston [1st Dist.] 2004, no pet.). Evidence is usually sufficient to create a bona fide doubt if it shows recent, severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant. *McDaniel,* 98 S.W.3d at 710. If

---

[2] The Court of Criminal Appeals has defined a "bona fide doubt" as "a real doubt in the judge's mind as to the defendant's competency." *Fuller v. State,* 253 S.W.3d 220, 228 (Tex.Crim.App. 2008).

evidence warrants a competency hearing, and the trial court denies such a hearing, the defendant is deprived of his constitutional right to a fair trial. *LaHood,* 171 S.W.3d at 618, *citing Pate v. Robinson,* 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

*Application*

Appellant argues several facts were before the trial court that should have suggested his incompetency to the court. Appellant first points to statements made by his probation officer during testimony at the March 2008 hearing. The officer testified that he handled a "specialized case load, people with mental health disorders." He also said that appellant had resided at treatment centers for some period of time and committed himself to a facility after having thoughts of suicide. Appellant also contends that his "confusion" at the November 2007 hearing regarding whether the drug-free zone allegation in his indictment had been "dropped" denoted his confused mental state. The State argues that, even taken together, these facts did not trigger the court's duty to inquiry into appellant's competence. We agree with the State.

Initially, we note that during appellant's original plea hearing in 2003, appellant answered affirmatively to the trial court's question asking him, "Did you sign these [plea] papers and give up those rights and enter your plea of guilty freely, knowingly and voluntarily?" We note also that the record of the November 2007 hearing contains the following exchange between the court and appellant's trial counsel:

The Court:   Counsel, you've had the opportunity to go over all these matters with your client. Are you satisfied that he understands the nature of

5

the charge against him, the rights he's entitled to under the law, and the consequences of entering the plea before the Court here today?

Counsel: I am, Your Honor.

The Court: Are you satisfied he is mentally competent to enter the plea before the Court here today?

Counsel: Yes, sir, I am.

The record reflects appellant did not speak at the hearing held in March 2008, but it does indicate he consulted with his attorney during the proceedings.

We see nothing in appellant's conduct at any of the three hearings to cast doubt on his competence to stand trial. The records reflect no statement or action in any way inappropriate or unusual. Appellant said very little other than to express his understanding of the questions and admonishments directed at him by the trial court. His responses to admonishments and questions were timely, appropriate and logical. Neither appellant, counsel, nor anyone else in the courtroom at any time voiced concern over appellant's ability to communicate with his counsel or understand the proceedings, nor do we see anything in the record to suggest appellant was having difficulty communicating or understanding the proceedings.

We disagree with appellant that his one spontaneous inquiry reflected in the record, when at the November 2007 hearing he asked whether the drug-free zone allegation of his indictment had been "dropped," necessarily suggests confusion on his part. As the State points out, it well can be seen as illustrating his understanding of the proceedings against him.

6

Appellant urges us to find importance in his supervision by a probation officer who testified to supervising probationers with mental health disorders. He argues no evidence shows he was assigned to that officer in error or because of "some staffing problem." We disagree that any inference regarding appellant's competency at trial is to be drawn merely from his assignment to that particular probation officer. We disagree also that the addition of appellant's short stays at treatment facilities and his voluntary commitment for suicidal thoughts combined to require the trial court to inquire into his competence at the revocation hearings. The record indicates that after appellant was placed on probation in 2003, he was initially sent to the Community Residential Treatment Center. Each of appellant's voluntary commitments occurred in 2004, more than three years before the hearings on the application to revoke appellant's community supervision. None of the stays at treatment facilities raise questions about whether appellant had a recent severe mental illness. *Cf. Durgan v. State,* 259 S.W.3d 219 (Tex.App.–Beaumont 2008, no pet.) (finding defendant's inclusion in a "special needs" SAFPF did not raise questions about whether she had a recent severe mental illness, was moderately retarded or had exhibited truly bizarre behavior); *Reeves v. State,* 46 S.W.3d 397, 399-40 (Tex.App.–Texarkana 2001, pet. dism'd) (concluding evidence of defendant's drug addiction and suicide attempt did not reflect on her ability to understand or participate in the proceeding on that day).

Appellant relies on *Greene v. State,* 225 S.W.3d 324 (Tex.App.–San Antonio 2007, no pet.) (op. on reh'g), in which the San Antonio court found the language of art. 46B.004 signaled an intention of the Legislature to depart from the bona fide doubt standard to trigger required competency inquiries. *Id.* at 329. A subsequent opinion of

the court of criminal appeals, however, reiterates the bona fide doubt standard. *Fuller,* 253 S.W.3d at 228-29. We agree with the Beaumont court's assessment that, "*Fuller* resolves recent questions about applying the bona fide doubt standard to incompetency issues raised during trial." *Durgan,* 259 S.W.3d at 222. Moreover, on its facts *Greene* is of no help to appellant. The circumstances described in the *Greene* opinion bear no similarity to those present here. In *Greene*, the court found the defendant's "rambling, nonresponsive" answers to questions and testimony "of the most bizarre quality" suggested his incompetence and required the trial court to conduct an informal inquiry into his competence. *Greene,* 225 S.W.3d at 329.

Courts have found no abuse of discretion in the presence of much stronger evidence suggesting incompetence than was present here. *See, e.g., Salahud-Din v. State,* 206 S.W.3d 203, 208 (Tex.App.–Corpus Christi 2006, pet. ref'd) (no abuse of discretion in failing to conduct *sua sponte* inquiry even though three pretrial psychological examinations were ordered by the court)*; LaHood,* 171 S.W.3d at 619 (no abuse of discretion in failure to *sua sponte* inquire into defendant's competency despite outbursts during trial, requests for medicine, comments concerning "psych meds" and claim of difficulty understanding proceedings). *See also Rojas v. State,* 228 S.W.3d 770 (Tex.App.–Amarillo 2007, no pet.) (no abuse of discretion in failing to conduct further informal inquiry or to appoint an expert to evaluate defendant when he made comments during voir dire and throughout trial, engaged in non-responsive answers on the stand and expressed view that police conspired to frame him).

Finding no abuse of discretion here in the trial court's failure to initiate an informal inquiry, we overrule appellant's sole point of error, and affirm the trial court's judgment.

James T. Campbell
Justice

Publish.