

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00011-CR

DONALD ALLEN CRUMP, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court No. 51,822-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Donald Allen Crump has had his community supervision revoked[1] in Wichita County[2] after making virtually no attempt to comply with its conditions. At the end of the revocation hearing, Crump initially refused to place his thumbprint on the order of revocation. In his sole issue on appeal, Crump asserts that the trial court erred in failing to conduct, sua sponte, an informal inquiry into his competency at the revocation hearing. Because the record contains no evidence suggesting Crump's incompetence, the trial court did not abuse its discretion in continuing without an informal incompetency inquiry. We affirm the trial court's judgment.

We review for an abuse of discretion a trial court's implied decision not to conduct an informal inquiry into an accused's competency to stand trial. *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999); *Jackson v. State*, 391 S.W.3d 139, 141 (Tex. App.—Texarkana 2012, no pet.). A person is presumed competent to stand trial and shall be found competent to do so unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). A "person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable degree

[1]Crump was originally placed on community supervision for the unauthorized use of a motor vehicle. *See* TEX. PENAL CODE ANN. § 31.07 (West 2011). In May 2013, the State filed a motion to revoke community supervision, alleging that Crump failed to report to the supervision officer as directed, failed to complete his intake with his supervision officer, failed to provide written proof to his supervision officer that he completed designated community service work, and failed to pay supervision and crime-stopper fees and arrearages. After a contested hearing, Crump's community supervision was revoked in November 2013, and he was sentenced to two years' confinement.

[2]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 46B.003(a) (West 2006). "A person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to trial." *McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). This standard likewise applies to a revocation hearing. *See McDaniel*, 98 S.W.3d at 710; *Lindsey v. State*, 310 S.W.3d 186, 188 (Tex. App.—Amarillo 2010, no pet.).

Either party, or the trial court on its own motion, may suggest the defendant is not competent to stand trial. Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 46B.004(a) (West Supp. 2013). When such a suggestion is made, the trial court must conduct an informal inquiry to determine "whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 46B.004(c) (West Supp. 2013).

> A suggestion of incompetency is the threshold requirement for an informal inquiry under Subsection (c) and may consist solely of a representation from any credible source that the defendant may be incompetent. A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant. Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003.

Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 46B.004(c–1) (West Supp. 2013). "If after an informal inquiry the court determines that evidence exists to support a finding of incompetency, the court shall order an examination under Subchapter B to determine whether the defendant is

3

incompetent to stand trial in a criminal case." TEX. CODE CRIM. PROC. ANN. art. 46B.005(a) (West 2006).[3]

Here, the evidence Crump relies on to suggest he was incompetent is (1) his failure to comply with various conditions of his community supervision and (2) his initial refusal to place his thumb print on the revocation order. Neither of these behaviors is suggestive of incompetency. Crump maintains that, "after being arrested and given a second chance, . . . one would wonder if [he] was crazy or did not understand what he was supposed to do." The fact that Crump violated certain conditions of his community supervision reflects poor judgment, but does not suggest that he did not have a rational and factual understanding of the proceedings against him or that he somehow was unable to consult with his attorney with a reasonable degree of rational understanding. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a).

During the entire hearing—at which Crump did not testify—there was no evidence suggesting that Crump was having trouble understanding the proceedings or communicating with his attorney and assisting in his defense. When questioned by the trial court, Crump indicated that he understood each alleged violation of his community supervision and lucidly entered his plea of "not true" to each alleged violation. Crump did not make rambling, nonresponsive answers or inappropriate outbursts and did not engage in bizarre conduct or otherwise disrupt the court proceedings. There was no evidence that Crump was taking any psychoactive medication

---

[3]The bona-fide-doubt standard was previously sufficient to trigger an informal inquiry into competency. *Turner v. State*, No. AP-76580, 2013 WL 5808250, at *11 (Tex. Crim. App. Oct. 30, 2013). "The Legislature has subsequently rejected the *bona fide* doubt standard for purposes of Article 46B.004 . . . ." *Id.*

4

or that he had any history of mental illness or mental retardation. Additionally, defense counsel did not raise with the trial court any concerns about Crump's competence.

At the conclusion of the hearing, the trial court indicated that, "Mr. Crump is telling the Court that he's not willing to do his fingerprint. He is claiming his rights have been violated." Crump explained, "I didn't get to say nothing about my situation, my case or nothing. I didn't -- Somebody else should have asked me something. Nobody talked to me. They got nothing. I have people talking for me. It's not right."[4] After Crump voiced his concern that his rights had been violated, the record indicates that, when asked by the trial court if he understood his right to appeal, he indicated that he understood that right and wished to appeal. Neither the trial court nor Crump's counsel followed up with Crump regarding his refusal to place his thumbprint on the judgment. As a result, Crump returned to court four days later, at which time he willingly agreed to place his thumbprint on the judgment.[5]

Viewed in the context of the entire record, Crump's refusal to initially place his thumbprint on the judgment did not raise a suggestion that he was incompetent to stand trial. There is no evidence in the record that Crump lacked either of the competency requirements under Article 46B.003(a). The trial court, therefore, did not abuse its discretion in failing to conduct an informal competency inquiry. *See Moore*, 999 S.W.2d at 393.

---

[4]On appeal, Crump does not claim that he was unable to consult with his attorney regarding his right to testify or that he failed to understand any advice his attorney may have offered regarding the right to testify. The record is silent in this regard.

[5]The record indicates that, although Crump's attorney was in the courthouse, he was not in the courtroom when Crump's case was called. When the trial court offered to summon counsel to the courtroom, Crump indicated that would not be necessary. Crump indicated that he understood that placing his thumbprint on the judgment was merely an administrative function.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     March 11, 2014
Date Decided:       April 11, 2014

Do Not Publish