ACCEPTED
06-15-00049-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/15/2015 1:58:24 PM
DEBBIE AUTREY
CLERK

No. 06-15-00049-CR

IN THE

COURT OF APPEALS

FOR THE SIXTH

JUDICIAL DISTRICT OF TEXAS

TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/15/2015 1:58:24 PM
DEBBIE AUTREY
Clerk

KELLY RAY TADLOCK,

Appellant

V.

THE STATE OF TEXAS,

Appellee

Appealed in Cause No. 1424225

8th Judicial District Court of Hopkins County, Texas

BRIEF FOR APPELLEE

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

State Bar No 24062768

# TABLE OF CONTENTS

TABLE OF CONTENTS…………………………………………………………………….2

TABLE OF AUTHORITIES…………………………………………………………………...3

SUMMARY OF THE ARGUMENT………………………………………………………......4

ISSUES PRESENTED………………………………………………………………………....4

APPLICABLE STANDARDS OF REVIEW………………………………………………..4

STATE'S ARGUMENT………………………………………………………………..… 5

I.  The evidence was legally and factually sufficient………………………………………...5

II.  The Trial Court was not required to conduct a mental competency inquiry…………………..6

PRAYER FOR RELIEF……………………………………………………………………….. 9

CERTIFICATE OF SERVICE……………………………………………………………..10

2

## TABLE OF AUTHORITIES

**Cases**

Moreno Denoso v. State, 156 S.W. 3d 166 (Tex. App. Corpus Christi 2005) ............................... 4

Sells v. State, 121 S.W.3d 748 (Tex. Crim. App. 2003)………………………………………….4

Lahood v. State, 171 S.W.3d 613 (Tex. App. Houston 14th Dist. 2005)…………………………4

Zapata v. State, 493 S.W.2d 801 (Tex. Crim. App. 1973)…………………………………………...7

Hackbarth v. State, 617 S.W.2d 944 (Tex. Crim. App. 1981)……………………………………7

Grider v. State, 69 S.W.3d 681 (Tex. App. Texarkana 2002)……………………………………7

Durgan v. State, 259 S.W.3d 219 (Tex. App. Beaumont 2008)…………………………………..8

Lindsey v. State, 310 S.W.3d 186 (Tex. App. Amarillo 2010)……………………………………...9

**Rules**

Tex. Code Crim. Proc. Ann. Art. 46B.004(b);................................................................................. 6

## SUMMARY OF THE ARGUMENT

The evidence presented to the fact finder was legally and factually sufficient to support Appellant's conviction. The Trial Court was not required under the law to conduct a mental competency inquiry.

## ISSUES PRESENTED

Appellant presents two issues for review: (1) Whether the evidence was legally and factually sufficient to support Appellant's conviction; and (2) Whether the Trial Court erred by not conducting a mental competency inquiry.

## APPLICABLE STANDARDS OF REVIEW

**Legal Sufficiency.** In evaluating the legal sufficiency of the evidence, the question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found each essential element of the crime beyond a reasonable doubt, based on all the evidence and the reasonable inferences therefrom. Moreno Denoso v. State, 156 S.W.3d 166 (Tex. App. Corpus Christi 2005).

**Factual Sufficiency.** In evaluating the factual sufficiency of the evidence, the Court views the evidence without the prism of "in the light most favorable to the prosecution" and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Sells v. State, 121 S.W.3d 748 (Tex. Crim. App. 2003).

**Mental Competency.** A Trial Court's decision whether to conduct a competency inquiry is reviewed by the Court of Appeals under an abuse of discretion standard. Lahood v. State, 171 S.W.3d 613 (Tex. App. Houston 14th Dist. 2005).

4

**I. The evidence presented to the fact finder was legally and factually sufficient to support Appellant's conviction.**

The evidence presented to the Trial Court, acting as fact finder in a bench trial, was legally and factually sufficient to support Appellant's conviction. Appellant was convicted of one count of Indecency with a Child by Contact against the Victim, A.J., and Appellant was acquitted of one count of Indecency with a Child by Contact against the Victim's older sister, S.J.

Indecency with a Child by Contact is an offense under §21.11(a) of the Texas Penal Code. The elements of the offense are that (1) the Defendant, (2) on or about a certain date, (3) in a certain county, (4) with the Victim, a child younger than 17 years of age and not the spouse of Appellant, (5) engaged in sexual contact, (6) with the intent to arouse or gratify the sexual desires of Appellant.

The evidence at trial consisted of the testimony of seven fact witnesses called by the State alone, including the Victim, her older sister, her mother, a peace officer, a forensic interviewer with specialized training in child abuse, and others. Several exhibits were admitted, including a photograph of Appellant used for identification purposes, a Child Advocacy Center forensic interview of the Victim, and a demonstrative diagram exhibit of the female body.

At trial, the Victim positively identified Appellant. She testified that the offense occurred during the summer of 2014. She stated that the offense occurred in the living room of her house. She testified that Appellant touched her genitalia with his hand, over her clothes, and that he told

her not to tell anyone. She also testified that she was seven years old at the time of trial. (Court Reporter's Record, Vol. VII, pgs. 170-177).

The Victim's mother testified that during the summer of 2014, she and the Victim resided at a residence in Hopkins County, Texas. (Court Reporter's Record, Vol. VII, pg. 43). She also identified Appellant as the Victim's step-uncle and stated that he spent the night at her residence on more than one occasion during this time frame. (Court Reporter's Record, Vol. VII, pg. 49). The Victim's mother also testified that the Victim made an outcry to her in that she said Appellant touched her on her vagina and made her touch him on his penis. (Court Reporter's Record, Vol. VII, pg. 51).

During cross-examination, Appellant stated that he did have a conversation about "boy parts, girl parts, sex, and marriage" with the Victim and her sister. (Court Reporter's Record, Vol. VII, pg. 47). He also testified to waking up with an erection as the Victim attempted to climb in his lap. (Court Reporter's Record, Vol. VII, pg. 48).

The evidence presented to the fact finder was legally and factually sufficient to support Appellant's conviction. As a matter of law, the testimony of A.J. alone was sufficient without any corroboration to sustain the conviction. Texas Penal Code 38.07. However, the Victim's testimony was corroborated as detailed above.

## II. The Trial Court was not required under the law to conduct a mental competency inquiry.

If evidence suggesting the Defendant may be incompetent to stand trial comes to the attention of the Court, the Court on its own motion shall suggest that the Defendant may be incompetent to stand trial. Tex. Code Crim. Proc. Ann. Art. 46B.004(b). However, a sua sponte

6

hearing is not required absent any significant facts being brought to the judge's attention or absent circumstances and actions that should have indicated a need for a separate determination. Zapata v. State, 493 S.W.2d 801 (Tex. Crim. App. 1973). A Trial Court is relieved of any responsibility to hold a pretrial competency hearing when the Defendant announces ready and enters a plea without any suggestion of incompetency. Hackbarth v. State, 617 S.W.2d 944 (Tex. Crim. App. 1981).

In a recent case from the Texarkana Court of Appeals, the Court held that the denial of a jury hearing or pretrial psychological examination to determine the Defendant's competency to stand trial was not an abuse of discretion, even though the Defendant had been diagnosed with paranoid schizophrenia five years previously and was still taking medication, hearing voices, and seeing visions, where the Trial Court found no evidence that the Defendant lacked sufficient ability to consult with his lawyer or that he did not have a rational or factual understanding of the proceedings against him. Grider v. State, 69 S.W.3d 681 (Tex. App. Texarkana 2002).

In the case at bar, Appellant's attorney stated at a pretrial hearing,

"...I feel I'm prepared to go forward in this fashion based upon – I will also inform the Court that based upon my investigation thus far, I am aware of [Appellant's] medications, his – and have thoroughly investigated whether or not issues of competency – although I'm not an expert, I am aware and [Appellant] should be able to recite to the Court all the medications he's on, any maladies that he's had over the course of the years. But it's my understanding that he wanted to proceed in this fashion, and I am prepared either way, Your Honor." (Court Reporter's Record, Vol. IV, pgs. 10-11).

7

The Trial Court then stated that he was not aware of anything that would deem Appellant incompetent to stand trial. The Trial Court discussed medications with Appellant and then asked if Appellant understood the proceedings against him, to which Appellant unequivocally responded that he did understand. (Court Reporter's Record, Vol. IV, pgs. 11-12).

Appellant's attorney continued,

"Judge, I just brought that up, and I wanted him to certainly address that, that while he's been on these medications a number of years, he's only actually been back on a significant portion of them for -- since his incarceration, which was in July. And so even though that's, in my opinion, been long enough that he knows how the medications react with him and that he is in full, I guess, capacities, the judge -- the Court just needed to be aware of it.

The Trial Court replied,

"Yeah. I appreciate that. And again, I'm not seeing any indication of it, but do you feel like any of the numerous medications you're on right this moment cloud your judgment or impair your ability to think through this and make these important decisions?"

Appellant then clearly stated no. (Court Reporter's Record, Vol. IV, pg. 13).

To prompt the Trial Court's informal inquiry concerning the Defendant's competency, the evidence must raise a bona fide doubt in the mind of the trial judge to the Defendant's competency to stand trial. Durgan v. State, 259 S.W.3d 219 (Tex. App. Beaumont 2008). Evidence is usually sufficient to create a bona fide doubt about a Defendant's competency if it shows recent, severe mental illness, at least moderate retardation, or truly bizarre acts by the Defendant. Lindsey v. State, 310 S.W.3d 186 (Tex. App. Amarillo 2010).

8

In Appellant's case, no evidence was presented that would suggest incompetency. In fact, according to his attorney, he was able to consult extensively with counsel and with his investigator in preparation for trial. (Court Reporter's Record, Vol. IV, pg. 10). As detailed above, he was able to interact meaningfully with the Trial Court in a frank discussion about his medications and his ability to participate in his own defense. Appellant, his attorney, and the Trial Court fully discussed the issue of competency. Neither before, during, nor after trial has Appellant presented any evidence of incompetency.

Originally, Appellant pled guilty to the offense and the Trial Court reset the case in order to conduct a Presentencing Investigation (PSI). However, during the PSI, Appellant stated that he was not in fact guilty. At a subsequent pretrial hearing, Appellant stated, "I'm not just – I'm not guilty – I – I believe that if the girls say that I violated them in some way, then I must have." (Court Reporter's Record, Vol. V, pg. 16).

Appellant now argues that this behavior should have put the Trial Court on notice of an issue of competency. The State acknowledges that Appellant had difficulty admitting that he engaged in the deviant behavior he was charged with. Reluctance, ambivalence, and reticence to admit culpability, however, are not evidence of mental incompetency but rather a lack of candor.

## PRAYER FOR RELIEF

The State requests that this Court AFFIRM Appellant's conviction.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

State Bar No 24062768

P.O. Box 882

Sulphur Springs, Texas 75483

(903) 885-0641

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to counsel for Appellant, Frank Hughes, on this the 15th day of July, 2015.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

**CERTIFICATE OF WORD COUNT**

I certify that this document contains 1645 words according to the counting tool in the program used to generate this document.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney