**Opinion filed October 13, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00179-CR

_____

## JOHN ROBERT QUICK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR23085**

## M E M O R A N D U M   O P I N I O N

John Robert Quick pleaded guilty to the delivery of a controlled substance in a drug-free zone, a third-degree felony offense, as part of a plea agreement. In accordance with the plea agreement, the trial court adjudicated Appellant guilty of the offense, assessed his punishment at confinement for ten years, but suspended the imposition of the sentence and placed Appellant on community supervision for ten years. Subsequently, the State moved to revoke Appellant's community supervision;

Appellant pleaded "not true" to the fifteen allegations contained in the motion.[1] After a hearing, the trial court found nine of the State's allegations to be "true." The trial court then revoked Appellant's community supervision and imposed a sentence of four years.

In a single issue, Appellant claims that the trial court abused its discretion when it failed to sua sponte conduct an informal inquiry into his legal competence, as required by Article 46B.004 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004 (West Supp. 2016). We affirm.

## I. *Standard of Review*

A trial court's decision not to conduct a competency inquiry is reviewed under an abuse of discretion standard. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009). A trial court is required to conduct a competency inquiry if a question as to the defendant's competency comes to the trial court's attention. CRIM. PROC. art. 46B.004(c-1). Because the trial court has the ability to observe the defendant's mannerisms and behavior in person, it is in a "better position to determine whether [the defendant] was presently competent." *Montoya*, 291 S.W.3d at 426. Therefore, the trial court abuses its discretion when it decides not to conduct an informal or formal inquiry if that decision is arbitrary. *White v. State*, No. 11-13-00094-CR, 2015 WL 1470162, at *4 (Tex. App.—Eastland Mar. 26, 2015, pet. ref'd) (mem. op., not designated for publication). We do not substitute our judgment for that of the trial court; instead, we determine whether the trial court's decision was unreasonable. *Id.*

---

[1]The State presented evidence at the revocation hearing that Appellant possessed and used a controlled substance, which violated the terms of his community supervision. The State also offered evidence that Appellant associated with a felon, failed to report to the community supervision and corrections department, failed to pay court costs and victim fees, and failed to complete his court-ordered restitution.

## II. *Analysis*

A defendant is presumed to be competent to stand trial. CRIM. PROC. art. 46B.003(b). A defendant is incompetent if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. *Id.* art. 46B.003(a). A trial court must conduct a competency inquiry when there is any suggestion that the defendant is incompetent. CRIM. PROC. art. 46B.004(c-1). If, after an informal inquiry, the trial court determines that the defendant may be incompetent, the trial court proceeds to the second step and orders that an expert examine the defendant's competency. *See id.* art. 46B.005(a).

Appellant contends that the trial court abused its discretion when it did not conduct an informal inquiry into Appellant's competency. Appellant claims that his diagnosed schizophrenia, his incarceration for approximately a year without mental health services, his admission to using illegal substances, and his receipt of social security disability income was evidence that raised the issue of his competency. Based on this evidence, Appellant argues that the trial court was aware of his schizophrenia and should have inquired into his competency at the revocation hearing. As we explain below, we disagree with Appellant that the trial court abused its discretion when it did not conduct an informal inquiry into Appellant's competency.

Although a defendant's temporary mental illness may serve as the basis for the trial court's informal inquiry, it does not require such an inquiry. *McKenzie v. State*, No. 14-15-00723-CR, 2016 WL 5112198, at *3 (Tex. App.—Houston [14th Dist.] Sept. 20, 2016, no pet. h.) (citing *Turner v. State*, 422 S.W.3d 676, 691 (Tex. Crim. App. 2013)). The decision to informally inquire into a defendant's competency turns on whether the defendant has the capacity to consult with his attorney with a reasonable degree of understanding and whether the defendant has a

rational, factual understanding of the proceedings. *Id.*; *see also* CRIM. PROC. art. 46B.003. Some defendants, despite their mental illnesses, can consult rationally with their attorney as well as understand the judicial proceedings against them. *See Turner*, 422 S.W.3d at 691.

The trial court did not abuse its discretion when it failed to conduct an informal inquiry into Appellant's competency because the evidence did not raise a suggestion that Appellant was legally incompetent. At the outset of Appellant's revocation hearing, the trial court directly asked Appellant if he understood the charges against him, to which Appellant replied, "Yes, sir." As the hearing proceeded, Appellant, with counsel from his attorney, on two occasions waived his confidentiality rights so that witnesses could testify as to Appellant's medical condition.

First, Appellant waived his confidentiality rights and permitted Angela Hicks, Appellant's caseworker at the Mental Health and Mental Retardation (MHMR) facility to testify as to his medical condition. Subsequently, Appellant waived his confidentiality rights a second time and permitted Kate Black, an employee of MHMR, to testify as to Appellant's medical history. Appellant's attorney asked that the witnesses be "free and open about testifying [as to Appellant's medical history]." Appellant conferred with his attorney prior to the hearing, and Appellant knowingly and willingly waived his rights at the hearing as a part of that strategy. After the trial court confirmed with Appellant that he wanted to waive his confidentiality rights, it ordered the witnesses to testify. Appellant's strategic decision-making process demonstrated his understanding of the judicial proceedings.

Additionally, throughout the hearing, Appellant's responses to the trial court's questions were appropriate, responsive, and logical. In one instance, the trial court reminded Appellant of the importance of complying with MHMR directions because of his mental illness, to which Appellant replied: "But I did. I didn't miss any of my

4

appointments. Even though I was hard to find sometimes, I still made that appointment every time . . . . But I agree, I admitted to the drug use because I needed help. I was asking for help." Appellant's response indicated that he understood the gravity of the proceedings before him. His response was an attempt to rationalize to the court the reason for his missed appointments with MHMR. Based on these responses and the lack of any evidence or conduct on the part of Appellant to indicate that he was legally incompetent, we hold that the trial court did not abuse its discretion when it failed to question whether Appellant had the capacity to consult with his attorney with a reasonable degree of understanding and had a rational, factual understanding of the proceedings. *See Lindsey v. State*, 310 S.W.3d 186, 189 (Tex. App.—Amarillo 2010, no pet.) (holding that the trial court did not err by not conducting a sua sponte informal inquiry into a defendant's competency when the defendant's few responses indicated his understanding of the proceedings).

Finally, even though the trial court did not directly ask Appellant whether he was competent, the trial court was aware of Appellant's illness and of his history. During Appellant's plea hearing in 2014, the trial court had thoroughly inquired into Appellant's mental illness when it asked about his medications, medical treatments, and appointments, all in an effort to ensure that Appellant was competent. At this same plea hearing, the trial court asked Appellant if he was "claiming to be incompetent or insane," to which Appellant answered, "No, sir." The trial court demonstrated its continued awareness of Appellant's mental illness when the trial court remarked at the revocation hearing:

> And I recall when you came before me and the issue of some of your mental problems was discussed, as I recall it was the subject of the Court's inquiry. And that is the very reason, because of your schizophrenia, I specifically ordered that you must comply with MHMR directions. And it was to make sure that you got the help you needed and to not go down this path where you're now at.

The trial court was well within its discretion in determining that Appellant was competent because Appellant indicated that he understood the charges against him; made strategic, rational choices in his case; and communicated well with the trial court throughout his revocation hearing. The trial court was aware of Appellant's mental illness; however, the trial court's knowledge of Appellant's mental illness did not necessitate an informal inquiry into Appellant's competency under the circumstances in this case. We overrule Appellant's single issue on appeal.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


October 13, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6