

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-26-00008-CR

ERIC PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Hardeman County, Texas
Trial Court No. 4626, Honorable Cornell Curtis, Presiding

May 19, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Eric Perez, appeals from the trial court's order revoking his community supervision and sentencing him to serve five years of imprisonment. Through three issues, he contends the trial court: (1) erred in failing to sua sponte inquire into his competency; (2) violated his rights in failing to provide counsel ten days to prepare for the revocation hearing or in failing to obtain Appellant's written consent or an open court waiver of same; and (3) erred in hearing the State's first amended motion to revoke that

was filed within seven days of the hearing in violation of the Texas Code of Criminal Procedure. We affirm.

**BACKGROUND**

In March 2024, Appellant was placed on community supervision for a period of five years, following his plea of guilty to the charge that he committed the offense of assault of a public servant.[1] The State filed a motion to revoke in July 2024, alleging Appellant violated the terms and conditions of his community supervision by failing to report, being delinquent in amounts due, and alleging Appellant's whereabouts were unknown. On October 2, 2025, the day of the hearing on the motion to revoke, the State filed its first amended motion, adding dates on which Appellant had failed to report, updating the amount Appellant was delinquent, and again alleging Appellant's whereabouts were unknown.

The State presented the testimony of the Director of the 46th Judicial District Supervisions and Correction Department. He detailed Appellant's failure to report at any time during his community supervision, amounts due on which Appellant was delinquent, and Appellant's lack of contact with the department. Appellant pleaded true to the allegations. He testified on his own behalf and admitted the violations. At the conclusion of the hearing, the trial court revoked Appellant's community supervision and sentenced him to five years of imprisonment.

---

[1] TEX. PENAL CODE § 22.01(b)(1).

**ANALYSIS**

Issue One—Sua Sponte Informal Inquiry Into Competency

By his first issue, Appellant argues the trial court erred in failing to sua sponte inquire into his competency when Appellant made certain statements at the hearing on the motion to revoke.[2]  The State acknowledges the unusual nature of some of Appellant's statements but notes Appellant answered questions in a logical and coherent manner and, considering the record as a whole, demonstrated he had a rational and factual understanding of the proceedings against him.  He also appeared to appropriately communicate with counsel.  We agree and overrule the issue.

We review a trial court's failure to conduct a competency inquiry under an abuse of discretion standard.  *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999), *cert. denied*, 530 U.S. 1216, 120 S. Ct. 2220, 147 L. Ed. 2d 252 (2000); *Lindsey v. State*, 310 S.W.3d 186, 188–89 (Tex. App.—Amarillo 2010, no pet.); *LaHood v. State*, 171 S.W.3d 613, 617–18 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).  A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence.  TEX. CODE CRIM. PROC. art. 46B.003(b).  A person is incompetent to stand trial if he does not have: (1) sufficient present ability to consult with his attorney with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings

_____

[2] The record includes an amended motion for new trial and a motion for competency examination in which counsel raises the issue of Appellant's competency.  On appeal, Appellant complains only of the trial court's failure to sua sponte make an informal inquiry based on statements Appellant made during the revocation hearing.  He does not raise a complaint concerning the trial court's failure to grant his written motion for competency examination.

3

against him. *Id*. at 46B.003(a). The same standard applies in a revocation hearing. *See McDaniel v. State*, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003).

If, during court proceedings, evidence comes to the attention of the trial court from any source raising a bona fide doubt regarding the defendant's competency, the court must conduct an informal inquiry to determine whether there is evidence to support a finding of incompetency to stand trial. *See Lindsey*, 310 S.W.3d at 188 (citing *Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008); *Criswell v. State*, 278 S.W.3d 455, 458 (Tex. App.—Houston [14th Dist.] 2009, no pet.); TEX. CODE CRIM. PROC. art. 46B.004). Evidence that might support a finding of a bona fide doubt about a defendant's competency may come from the trial court's own observations, known facts, evidence presented, motions, affidavits, or any other claim or credible source. *Lindsey*, 310 S.W.3d at 188. Evidence is typically sufficient to create a bona fide doubt if it shows recent, severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant. *McDaniel*, 98 S.W.3d at 710. If evidence warrants a competency hearing, and the trial court denies such a hearing, the defendant is deprived of his constitutional right to a fair trial. *Lindsey*, 310 S.W.3d at 188–89.

At the outset of the hearing, Appellant identified himself as "Jesus Eric Perez" rather than "Eric Perez" and stated he was the "sole heir of this reservation, man." During his testimony, he said, "I get paranoid like from schizophrenia"[3] and stated "I'm a zero"

---

[3] This statement was made in the context of answering a question of whether Appellant had a drug or alcohol problem. He said, "I got -- I get paranoid like from schizophrenia. You know, sometimes -- like I don't use meth. I don't -- I don't like to use it, but I use it when I feel like the thing is, something's gonna happen to me. And I don't know how to explain it." It is unclear whether Appellant suffers from schizophrenia or whether he was drawing an analogy. But, given his later testimony, it seems the latter is more likely. In any event, an appellant's "past history of mental illness and bizarre behavior does not mandate a competency inquiry absent evidence raising a bona fide doubt as to appellant's present ability

4

more than once. He later stated, "I'm not a bad person. I'm just—you know, I'm tired of being detained in my own reservation. Being a prisoner in my own reservation for 48 years . . . I own BNSF Railroad . . . ." He also testified his reservation was "about 950 million acres." He then admitted to being addicted to meth. At the end of the hearing, he also made comments that included, "Well, what am I supposed to appeal? This is my reservation here. I ain't signing nothing. This is my reservation here, and I will have your ass . . . . I'm being illegally detained. I'm gonna go all the way with this."

While these are certainly uncommon statements, the record also shows Appellant communicated with the court and counsel and demonstrated he understood the proceedings against him.[4] When he did not understand something said during the hearing, he requested clarification. His testimony on his behalf was coherent and showed his understanding of the allegations against him. His testimony concerning the violations of his community supervision made sense and did not indicate a competency issue. *See* TEX. CODE CRIM. PROC. art. 46B.024 (setting forth factors to consider in determining whether an informal inquiry is needed). We find, therefore, the trial court did not have before it reason to conduct an informal inquiry into Appellant's competence and did not abuse its discretion. *See Rojas v. State*, 228 S.W.3d 770, 773 (Tex. App.—Amarillo 2007,

to communicate or understand the proceedings." *Ashely v. State*, 404 S.W.3d 672, 677 (Tex. App.—El Paso 2013, no pet.).

[4] For example, during his testimony, Appellant admitted he knew he needed to be reporting and "made a mistake for not reporting." He said he saw his community supervision officer at one point on the street but did not approach him for help because it "looked like he was in a hurry." He also admitted he knew where the Sheriff's office was located, knew he needed to report, and, in fact, "planned on it," but said he needed to make sure he had a job before he came in. He further indicated his desire to be sent to a sober living facility and said he did not want to go to SAFPF because he wants to make money and buy a home.

5

no pet.); *Walker v. State*, No. 05-10-01019-CR, 2011 Tex. App. LEXIS 6436, at *7–8 (Tex. App.—Dallas Aug. 15, 2011, no pet.) (mem. op., not designated for publication) (both finding same for reasons similar to those present here).

In his reply brief, Appellant argues that the State improperly asserted that we consider the record as a whole in determining whether the trial court should have sua sponte made an informal inquiry into Appellant's competency. He cites *Boyett v. State*, 545 S.W.3d 556, 564 (Tex. Crim. App. 2018) and *Turner v. State*, 422 S.W.3d 676 (Tex. Crim. App. 2013) for the proposition that we are to consider "only that evidence tending to show incompetency" and "put aside all competing indications of competency." Appellant would be correct if the trial court had determined an informal inquiry was necessary and was in the process of conducting such an inquiry. At that point, the trial court would be considering only evidence tending to show incompetency, not the entire record. *Id.* However, the trial court had not yet reached that point and was not conducting an informal inquiry. So, to determine whether the trial court should have done so, we review the entire record to evaluate whether there was some evidence from any source that would support a finding that Appellant may have been incompetent to stand trial. *Rojas*, 228 S.W.3d at 771, 773; *Walker*, 2011 Tex. App. LEXIS 6436, at *7–8. We have done that here and found no such evidence.

Issue Two—Failure to Provide Ten Days to Prepare or Obtain Waiver

Through his second issue, Appellant contends the trial court violated section 1.051(e) of the Texas Code of Criminal Procedure when it failed to provide counsel ten

days to prepare for the revocation or obtain a written or "open-court" waiver. The State concedes error but argues the error was harmless.

Article 1.051(e) provides, "[a]n appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court." TEX. CODE CRIM. PROC. art. 1.051(e). The ten-day preparation time is a mandatory provision that may be waived only with the defendant's written consent or on the record in open court. *Id.* Because Appellant did not waive his right to the ten-day period, he may raise the failure to comply with article 1.051(e) for the first time on appeal. *See Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (plurality op.) (citing *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993)).

The purpose of article 1.051(e) is to provide appointed counsel a reasonable amount of time to prepare a defense for trial. *Hernandez v. State*, No. 06-24-00154-CR, 2025 Tex. App. LEXIS 1936, at *2–3 (Tex. App.—Texarkana Mar. 24, 2025, no pet.) (mem. op., not designated for publication). A violation of article 1.051(e) is error. *Id.* If error is found, we must conduct a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. *Id.* Under that rule, we disregard the error unless it affected Appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

A substantial right is affected if: (1) the error had a 'substantial and injurious' effect or influence in determining the verdict or (2) leaves one in grave doubt whether it had such an effect. *Hernandez*, 2025 Tex. App. LEXIS 1936, at *3. Substantial rights are not

7

affected "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Id.* (citing *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002)).

It is undisputed Appellant's counsel was appointed eight days prior to the revocation hearing. It is also undisputed Appellant did not waive the ten-day preparation period in writing or in open court on the record. Therefore, the trial court erred.

We turn to whether the error was harmful under Rule 44.2(b). In *Rojas v. State*, 943 S.W.2d 507, 512 (Tex. App.—Dallas 1997, no pet.), the court concluded the error in violating article 1.051(e) was not harmful. It based its conclusion on the facts that although counsel had "at most, one day to prepare[,]" the record contained the appellant's plea bargain and accompanying documentation, the terms of community supervision, the State's motion to revoke and the transcript of the hearing during which the appellant pleaded true and confessed to the alleged violations, and the judgment. *Id.* The court noted also that counsel did not request a continuance or indicate he was not ready to proceed to defend the allegations. *Id.*

The same is true here. Our record contains similar information to that in *Rojas* and shows counsel had eight days, not one, in which to prepare. As discussed in more detail in our analysis of issue three, the amended motion did not add new allegations; rather it added dates on which Appellant failed to report and additional amounts due and owing. The third allegation did not change. Counsel did not request a continuance[5] or raise the

---

[5] In his appellate brief, counsel says, "in a convoluted fashion, Appellant affirmatively requested additional preparation time [when Appellant asked] 'Is this my initial appearance? 'Cause I'm scheduled for three initial appearances—I mean, three appearances. This is my first appearance here.'" We cannot agree. This question and comment was made toward the end of the hearing and did not appear to be a

8

issue of surprise concerning the allegations in the amended motion and did not object to the court's proceeding on the amended motion. Appellant pleaded true to all of the allegations, to those in the original motion to revoke and to those in the amended motion, and admitted his violations during his testimony. We cannot, on this record, find Appellant's substantial rights were affected. We resolve the issue against him.

Issue Three—Error in Hearing State's First Amended Motion to Revoke

Via his last issue, Appellant claims the trial court erred in hearing the State's first amended motion to revoke when it was filed the morning of the hearing, in contravention of the seven-day requirement set forth in article 42A.751(f) of the Code of Criminal Procedure. The State points out counsel did not object to the amendment or indicate surprise, nor did she request a continuance to further explore the allegations. Moreover, Appellant pleaded true to the allegations in the State's motion.

In a revocation proceeding, our review is limited to an abuse of the trial court's discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Article 42A.751(f) provides in relevant part, "[i]n a felony case, the state may amend the motion to revoke community supervision at any time before the seventh day before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown." The record is clear here that the amended motion was filed the day of the

request for more time and certainly did not raise an objection to proceeding on the State's amended motion. Further, the record shows that the letter appointing counsel on September 24, 2025, included the hearing date of October 2, 2025. Counsel did not seek additional time in which to prepare.

9

hearing with no showing of good cause and therefore, violated this article.  Consequently, we must determine whether Appellant suffered harm.

An untimely motion to amend a motion to revoke community supervision constitutes a statutory violation subject to a harm analysis, under which any "error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *Horn v. State*, Nos. 01-17-00965-CR, 01-17-00966-CR, 2018 Tex. App. LEXIS 8624, at *14 (Tex. App.—Houston [1st Dist.] Oct. 23, 2018, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 44.2(b); *Aguirre-Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999)).  In assessing whether a defendant was harmed under rule 44.2(b), we look to the record as a whole to determine whether his substantial rights were affected.  *Horn,* 2018 Tex. App. LEXIS 8624, at *14 (citing *Davison v. State*, 405 S.W.3d 682, 688 (Tex. Crim. App. 2013)).

First, Appellant did not object to the untimely amendment of the motion to revoke or to the trial court proceeding on that motion.  Nor did Appellant complain of surprise due to the additions.  Therefore, he has waived this complaint.  *Brown v. State,* No. 04-04-00465-CR, 2005 Tex. App. LEXIS 4176, at *2 (Tex. App.—San Antonio June 1, 2005, no pet.) (mem. op., not designated for publication).  Second, in its amended motion to revoke, the State merely added recurrences to its existing allegations, i.e., added dates on which Appellant did not report and added additional amounts due and owing of which Appellant was delinquent.  *See Horn*, 2018 Tex. App. LEXIS 8624, at *14 (allegations in amended motion were "reiterations of its existing allegations" and finding no harm).  In both the original motion and the amended motion, the State alleged Appellant's failure to report, that he had amounts due on which he was delinquent, and that his whereabouts were

10

unknown.  Appellant pleaded true to all of the allegations, including those in the original motion.  Because a plea of true, standing alone, is sufficient to support the revocation of community supervision, *Tapia v. State*, 462 S.W.3d 29, 32 n.2 (Tex. Crim. App. 2015), and because abuse of discretion is not shown when a single ground for revocation is supported by a preponderance of the evidence, *Rickels*, 202 S.W.3d at 763–64, we cannot find Appellant was harmed by the trial court proceeding on the State's amended motion.  *Horn*, 2018 Tex. App. LEXIS 8624, at *15; *Brown*, 2005 Tex. App. LEXIS 4176, at *2–3.  We overrule Appellant's final issue.

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Alex Yarbrough
Justice

Do not publish.

11